SCHOOL DISTRICT NUMBER 3, TOWNSHIP 28, ETC., Plaintiff in Error, v. E. C. SMALLEY *et al.*, Defendants in Error.

St. Louis Court of Appeals, September 18, 1894.

1. **Schools:** LIABILITY OF OFFICERS OF DISTRICT. Though school warrants are issued in pursuance of proceedings at a meeting of the school board, held by two of the directors without notice to the third and of which no record has been kept by the clerk, and though they have been subsequently paid, no liability on the part of any of these officers to the school district will result, if they were issued in payment of valid demands against the district.

2. ———: ———. But *held*, in the course of discussion, that the irregularities above stated would have constituted a good defense to an action against the district on the warrants.

*Error to the Wright Circuit Court.*—HON. J. L. POPE, Special Judge.

AFFIRMED.

*Thos. H. Musick* for plaintiff in error.

*F. M. Mansfield, L. F. Parker* and *H. S. Abbott* for defendants in error.

BIGGS, J.—This is an action by a school district to recover from one of its directors and the clerk of the school board the amounts of certain school warrants, which had been issued and paid by the county treasurer out of funds belonging to the district. The grounds of recovery relied on are that the warrants were not issued at regular meetings of the board, and that there was no record kept of the action of the board authorizing their issuance.

The evidence introduced and relied on by the plaintiff was to the effect that some of the warrants were ordered to be issued by two members of the school board at meetings called without notice to the other member, and that no record was kept of the proceedings at any of the meetings at which the warrants were authorized to be issued. On the other side the evidence tended to show that all meetings of the school board were held after due notice to each member, and that the warrants in controversy were issued in good faith in payment of valid obligations against the school district. There was a judgment for the defendants, and the plaintiff has brought the case here by writ of error.

The discussion of the plaintiff's assignments of error would be a useless task, for the reason that under no possible theory of the evidence is the plaintiff entitled to a judgment. The contention is that the defendants are personally liable, merely from the fact that the clerk of the district failed to keep a record of the meetings of the school board at which the warrants were ordered to be issued; or, if such meetings were held without notice to all members of the board, then the defendants must be held on that ground. This is

a doctrine too harsh for any court of justice to enforce. If these facts had been supplemented by evidence tending to prove a misappropriation of the money of the district, it would have authorized a recovery. But the plaintiff's evidence fails to disclose this. On the contrary, the evidence for the defense is that all the warrants were issued in payment of demands for which the school district was legally liable. The case of *Knox County v. Hunolt*, 110 Mo. 67, is no authority against our views, but on the contrary supports them. There the county judges knowingly and willfully misappropriated the county school funds by applying them to the payment of ordinary demands against the county. This was in direct violation of the statute governing the subject, and also against the express inhibition of the constitution of the state. The court held such action to be malfeasance in office, for the consequences of which the judges were personally liable. But, in the case before us, there is no pretense that the money belonging to the district was misapplied, the contention being merely that there was irregularity in the manner in which the money was withdrawn.

The authorities cited and relied on by the plaintiff would be pertinent, if the plaintiff was defending an action on the warrants themselves. In such a case the holder would be compelled to show that they were issued by order of a majority of the board of directors (R. S. 1889, sec. 7990), which could only be shown by the record evidence which the statute requires to be kept. (R. S. 1889, sec. 8012.)

With the concurrence of the other judges the judgment of the circuit court will be affirmed. It is so ordered.